UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA WEGGEL-LAANE, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 1:07-cv-00657 (RMU) |
| STEPHEN L. JOHNSON,<br>  Administrator, United States Environmental<br>  Protection Agency, | ) |
| Defendant. | ) |

# ANSWER

The Defendant, Stephen L. Johnson, in his official capacity as Administrator of the United States Environmental Protection Agency, through his attorney, the United States Attorney for the District of Columbia, respectfully answers the Complaint in this action as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction.

## FOURTH DEFENSE

Answering the numbered paragraphs of the Complaint, using the same paragraph numbering, Defendant admits, denies, and states as follows:

1. This paragraph is a general introductory statement that requires no admission or denial of fact, but to the extent that an answer may be required, deny.

2. Admit that on or about March 8, 2004, Plaintiff's was informed that she would be reassigned from part-time to a full-time work schedule, but otherwise deny the first sentence. Deny the second sentence of this paragraph.

3. Deny.

## PARTIES

4. Admit the first sentence. Admit that Plaintiff is a GS-14 and has been an EPA employee since 1986, but otherwise deny the second sentence.

5. Admit.

## JURISDICTION AND VENUE

6. This paragraph is a general statement of jurisdiction that requires no admission or denial of fact, but to the extent an answer may be required, deny.

7. Admit that Defendant is headquartered in this District and that venue is proper in this District, but otherwise deny.

8. Admit that Plaintiff contacted an EEO Counselor on or about August 29, 2004; Plaintiff filed with EPA a formal administrative complaint of discrimination on December 3, 2004; Plaintiff requested a hearing before an EEOC Administrative Judge by letter dated October 19, 2005; the EEOC Administrative Judge issued a decision on October 17, 2006; and that EPA issued a Final Agency Order on January 9, 2007, adopting the EEOC's decision. Otherwise, deny this paragraph.

FACTS IN SUPPORT OF RETALIATION CLAIM

9. Admit that Howard Wilson is the PPOB Branch Chief and Plaintiff's supervisor; Dennis Bushta was at times the SHEMD Director and Plaintiff's second- level supervisor; Gerald Oakley was at times the SHEMD Deputy Director and acted as Plaintiff's second-level supervisor. Otherwise, Defendant denies the allegations of this paragraph.

10. Admit.

11. Admit that Plaintiff's supervisor was aware that Plaintiff had children and that, at one time, she requested, for reasons related to her children, to be temporarily reassigned from a full-time work schedule to a part-time schedule, but otherwise deny the allegations of this paragraph.

12. Deny.

13. Admit that EPA provides, at EPA facilities, lactation rooms and breast pumps that are used by EPA employees to express breast milk, but otherwise deny the first sentence of this paragraph. The second sentence is Plaintiff's characterization of the purpose of the program to which no response is required. Deny the third sentence of this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph, and, so, deny the same. Defendant admits that EPA granted Plaintiff a cash award in 1998 and that some of the quoted language are excerpts from a statement related to the award, but Defendant otherwise denies the second and third sentences of this paragraph.

15. Deny.

16. Deny.

17. Deny.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the first and second sentences of this paragraph, and, so, deny the same. Admit that employees of contractors sometimes worked in SHEMD work areas, but otherwise deny the third sentence of this paragraph.

19. Deny.

20. Admit that contractor employees, including Ms. Cagigas, sometimes attended SHEMD staff meetings, but otherwise deny this paragraph.

21. Deny.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

23. Deny.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

25. Admit that Ms. Cagigas sent an email on December 4, 2003, to a number of EPA employees and that the quoted language is an excerpt from that email, but otherwise deny the first sentence of this paragraph. Admit that the quoted language in the second and third sentences of this paragraph are excerpts from an email by Ms. Cagigas, but otherwise deny these sentences. Admit that an EPA employee sent an email and that some of the quoted language is excerpted from that email, but otherwise deny the fourth sentence of this paragraph.

26. Deny.

27. Admit that some of the language in quotes is an excerpt from statements made by Mr. Bushta, but otherwise deny this paragraph.

28. Deny.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

30. Admit that the quoted language from the second and third sentences of this paragraph is an excerpt from statements made by Mr. Oakley, but otherwise deny this paragraph.

31. Admit that some of the quoted language is from questions asked of Mr. Lemley, but otherwise deny this paragraph.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

34. Admit that Mr. Wilson decided to change Plaintiff's work schedule, but otherwise deny the first sentence of this paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the second sentence of this paragraph, and, so, deny the same.

35. Admit that on or about March 8, 2004, Mr. Wilson sent Plaintiff a memorandum concerning her reassignment to a full-time work schedule, but deny the paragraph fully and accurately states the content of that memorandum and otherwise deny this paragraph.

36. Admit that on or about March 22, 2004, Mr. Wilson received from Plaintiff a letter concerning her reassignment to a full-time work schedule, but deny the paragraph fully and accurately states the content of that letter and otherwise deny this paragraph.

37. Deny.

38. Deny the first two sentences of this paragraph. Admit that Plaintiff received an "Unsung Hero Award" and that she was part of a team or group that received a "Hammer Award," but Defendant is otherwise without knowledge or information sufficient to form a belief as to the third sentence of this paragraph, and, so, deny the same.

<u>FACTS IN SUPPORT OF HOSTILE WORK ENVIRONMENT CLAIM</u>

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made by plaintiff in this paragraph, and, so, deny the same.

40. Deny.

41. Deny.

42. Admit that Mr. Bushta made a statement to the effect of the quoted language, without the bracketed language, but otherwise Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

43. Deny.

44. Deny.

45. Deny.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of this paragraph, and, so, deny the same.

47. Deny.

48. Admit Mr. Davidson was an EPA employee and that the quoted language, except for the bracketed word, are excerpts from statements made by Mr. Davidson, but otherwise deny this paragraph.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the second sentence of this paragraph, and, so, deny the same.

50. Admit that David Scott Smith is an EPA employee, but otherwise deny this paragraph.

51. Deny.

52. Admit that, in the Fall of 2004, Ms. Davis was the Director of EPA's Workplace Solutions Staff; Mr. Lemley was the Director of an organization known as OAS; Ms. Davis interviewed Plaintiff and some other SHEMD employees; but otherwise deny this paragraph.

53. Deny.

## CAUSES OF ACTION

## COUNT 1 (RETALIATION)
(Violation of Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

54. The responses to paragraphs 1-53 and incorporated herein by reference.

55-58. Deny.

## COUNT II (HOSTILE WORK ENVIRONMENT)
(Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

59. The responses to paragraphs 1-58 and incorporated herein by reference.

60-61. Deny.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is her Prayer for Relief, to which no response is necessary. To the extent that an answer is required, deny that Plaintiff's is entitled to any relief whatsoever. Defendant denies that it has engaged in discriminatory and retaliatory conduct or that Plaintiff is entitled to damages, costs, attorney's fees, or any other relief whatsoever.

Defendant denies each and every averment not specifically, expressly admitted.

WHEREFORE, the United States demands as follows:

1. Judgment in its favor and against Plaintiffs;

2. For all costs incurred herein; and

3. For any and all relief to which it may appear to be entitled.

          Respectfully submitted,

          /s/
          JEFFREY A. TAYLOR, D.C. Bar No. 498610
          United States Attorney

          /s/
          RUDOLPH CONTRERAS, D.C. Bar No. 434122
          Assistant United States Attorney

          /s/
          CLAIRE WHITAKER,. D.C. Bar No. 354530
          Assistant United States Attorney

OF COUNSEL:

Charles G. Starrs
Attorney Advisor
U.S. Environmental Protection Agency