**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| PATRICIA WEGGEL-LAANE ) | |
| Plaintiff, ) | |
| v. ) | No: 07-cv-657-RMU |
| ) | **JURY DEMAND** |
| STEPHEN L. JOHNSON, ) | |
| ADMINISTRATOR, ) | |
| U.S. ENVIRONMENTAL PROTECTION ) | |
| AGENCY ) | |
| Defendant. ) | |

## LOCAL RULE 16.3 REPORT

The parties, through their respective counsel, hereby submit this Joint Rule 16.3 statement.

Counsel for all parties conferred by telephone on November 16, 2007, and discussed all of the matters identified in Local Civil Rule 16.3. The following is the parties' joint report of that meeting. Where the parties were unable to reach agreement on an aspect of pretrial discovery or scheduling, their respective positions are stated in paragraphs lettered "A" and "B."

**STATEMENT OF THE CASE**: This is an employment discrimination case in which the plaintiff alleges that she was subjected to a hostile work environment and retaliated against following her opposition to discriminatory conduct by her employer. Defendant denies that Plaintiff was subjected to a hostile work environment or the victim of retaliation. Defendant

further denies that agency personnel engaged in discriminatory conduct towards plaintiff and

denies that Plaintiff is entitled to the relief demanded or any relief whatsoever.


1.  Whether the case is likely to be disposed of by dispositive motion, and whether, if a dispositive motion has already been filed the parties should recommend to the Court that discovery or other matters should await a decision on the motion:

    A.  Plaintiff does not believe that this case cannot be resolved by dispositive motion.

    B.  Defendant believes that this case can be resolved by a post-discovery motion for summary judgment.

2.  The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

    The parties do not believe that they will need to join any additional parties or amend their pleadings, but state that, in the unlikely event that either party deems it necessary do join additional parties or amend their pleadings, it will do so no later than December 11, 2007.

3.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

    The parties have agreed to attempt mediation of this case with the assistance of Magistrate Judge Facciola. Additionally, in the event that the case is not resolved during mediation, the parties consent to have the case assigned to Magistrate Judge Kay for all other purposes.

4.  Whether there is a realistic possibility of settling the case.

    The parties believe that there is a realistic possibility of settling this case.

5.  Whether the case could benefit from ADR, what steps should be taken to facilitate ADR, and whether counsel have discussed ADR and their response to this provision with their clients.

    The parties believe that it would be beneficial to attempt mediation of this case, with the assistance of a magistrate judge. Additionally, the parties request that the Court stay discovery until February 11, 2008, while the parties attempt to resolve the case.

6.  Whether the case can be resolved by summary judgment or motion to dismiss.

      A.    Plaintiff believes that this case cannot be resolved by dispositive motion.

      B.    Defendant believes that this case can be resolved by a post-discovery motion for summary judgment. The parties proposed that the defendant file its motion for summary judgment on July 11, 2008, and that opposition and reply briefs be filed in accordance with the Local Rules.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.

    The parties stipulate to dispense with initial disclosures.

8. The anticipated extent of discovery; how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; date for completion of discovery; whether discovery should be conducted in phases; and what changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court.

    The parties request a period of 120 days during which to pursue fact discovery, to begin following the 60-day mediation period described above. Therefore, the parties propose that fact discovery close on June 11, 2008. The parties do not believe that any restrictions on the scope of discovery other than those imposed by the Federal Rules of Civil Procedure are necessary.

9. Whether the requirement of exchange of expert witness reports and information should be modified, and whether and when expert depositions should occur.

    The parties propose that they exchange expert reports no later than July 11, 2008, and complete expert depositions no later than August 11, 2008.

10. Not applicable. (This case is not a class action.)

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

    The parties do not believe that trial or discovery should be bifurcated or managed in phases.

12. The date for the pretrial conference, understanding that a trial will take place 30 to 60 days thereafter.

    The parties suggest that the pretrial conference take place 30 days after this Court rules on the defendant's anticipated motion for summary judgment.

13. Whether the Court should set a firm trial date at the first scheduling conference.

> The parties do not believe that the Court should set a firm trial date at the first scheduling conference.

14. Other matters that the parties believe are appropriate for inclusion in a scheduling order.

> The parties have not identified other matters appropriate for inclusion in a scheduling order.

15. The parties have agreed upon the mutual preservation of electronic evidence (if any) and have begun to discuss the format in which electronic evidence would be produced.

16. Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b).

> The parties have not identified any orders that should be entered by the Court under Rule 26(c) or Rule 16(b).

The parties are filing a joint proposed scheduling order today.

Respectfully submitted,

/s/ W. Gary Kohlman
W. GARY KOHLMAN
D.C. Bar No. 177527
CHARLOTTE GARDEN
D.C. Bar No. 489040
Bredhoff & Kaiser P.L.L.C.
805 Fifteenth Street N.W.
Suite 1000
Washington, DC 20005
Telephone: 202-842-2600

*Attorneys for* Patricia Weggel-Laane

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122

Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

*Attorneys for* Stephen L. Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| PATRICIA WEGGEL-LAANE           )<br>                                                          )<br>           Plaintiff,                          )<br>                                                          )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>STEPHEN L. JOHNSON,             )<br>ADMINISTRATOR,                         )<br>U.S. ENVIRONMENTAL PROTECTION )<br>AGENCY                                         )<br>                                                          )<br>           Defendant.                      ) | No:   07-cv-657<br>**JURY DEMAND** |

## **SCHEDULING ORDER**

It is hereby ORDERED and DECREED on this _____ day of _____, 2007 that the schedule in this matter shall be as follows:

(1) Discovery in this case is stayed until February 11, 2008, to allow the parties to attempt mediation with the assistance of Magistrate Judge Facciola.

(2) The deadline for completing all fact discovery is June 11, 2008.

(3) The deadline for filing dispositive motions is July 11, 2008.

(4) The deadline for Plaintiffs to provide Defendants their expert report(s) is July 11, 2008.

(5) The deadline for Defendants to provide Plaintiffs their expert report(s) is July 11, 2008.

(6) The deadline for completing all expert discovery is August 11, 2008.

_____
Ricardo M. Urbina
U.S. District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2007, I filed the foregoing electronically using the Court's ECF system, which will automatically provide notice to the following attorneys: Claire M. Whittaker.

                                              /s/ W. Gary Kohlman