UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA WEGGEL-LAANE,        )<br>                              )<br>          Plaintiff,       )<br>                              )<br>          v.              )<br>                              )<br>STEPHEN L. JOHNSON,           )<br>  Administrator, United States Environmental )<br>  Protection Agency,           )<br>                              )<br>          Defendant.       )<br>                              ) | Civ. No. 1:07-cv-00657 (RMU) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Patricia Weggel-Laane, and Stephen L. Johnson, Administrator, U.S. Environmental Protection Agency ("EPA") hereby stipulate and agree, by and through their respective undersigned attorneys, to settle and compromise the above-captioned action and all other Equal Employment Opportunity claims presented in this cause of action, under the terms and conditions set forth in this Stipulation of Settlement and Dismissal. In settlement of this matter:

    1.    Effective July 11, 2008 and for an uninterrupted, continuous period of one year, or until July 10, 2009, Plaintiff will be assigned to and accept leave without pay (LWOP) status. Plaintiff understands and agrees that she cannot withdraw, revoke, or amend this period of LWOP, except nothing herein prohibits Plaintiff from deciding to resign or retire from EPA before the end of the period of LWOP. If Plaintiff elects to receive and continue health benefits coverage under the Federal Employees Health Benefits program during this period of LWOP, she will pay the employee share of the insurance premiums associated with such coverage as set

forth in the provisions of the U.S. Office of Personnel Management ("OPM") FEHB Employees Handbook pertaining to employees on LWOP status.

2. If she has not previously already done so, at the end of the period of LWOP, and effective not later than July 10, 2009, Plaintiff will resign or retire from and end her employment with EPA. Plaintiff understands and agrees that she may not withdraw, revoke, or amend this intention to resign or retire or such resignation or retirement.

3. EPA will pay Plaintiff, in accordance with Paragraph 5, a lump sum in the total amount of $100,000. The parties agree that this amount does not constitute either back pay or front pay, and that EPA will not treat any portion of such amount as wages paid to Plaintiff.

4. If any person requests a reference concerning Plaintiff's employment, EPA shall only confirm Plaintiff's dates of employment, position, duties, salary, and, if applicable, that Plaintiff has resigned or retired, provided that Plaintiff must direct prospective employers and others requesting references concerning Plaintiff's employment to EPA' Office of Human Resources or Howard Wilson, and, if Plaintiff fails to so direct such prospective employers or others, EPA has no obligation under this provision. Nothing herein limits or restricts the information EPA may disclose or provide in response to law enforcement inquiries or in response to background checks or inquiries related to security clearance(s).

5. Paragraphs 1-4 above, are in full, final and complete settlement of all the Plaintiff's claims and damages, including, but not limited to, actual damages, compensatory damages, back pay, attorneys' fees, expenses and costs that Plaintiff may have incurred related to the above-captioned case and any prior administrative proceedings. Defendant shall make the lump sum payment of $100,000.00 from the Judgment Fund, Department of the Treasury, via

wire transfer and made payable to the trust account of Bredhoff & Kaiser, P.L.L.C. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.

6.  Plaintiff fully understands and acknowledges that, subject to Paragraph 3, EPA may treat such payment for Federal tax purposes as, in its discretion, it deems appropriate and make such reporting or file such Internal Revenue Service forms, if any, as it deems appropriate, provided that Federal tax treatment or reporting by EPA is not binding on Ms. Weggel-Laane in any dispute or action between her and the Internal Revenue Service and provided further that payment of any and all Federal, State or local taxes on all amounts remitted hereunder are the responsibility of Plaintiff and/or her attorney.

7.  This Stipulation represents the full and complete satisfaction, settlement and discharge of all claims, demands, and causes of action arising from the allegations set forth in the complaint filed in this action, including any and all claims brought or that could have been brought by Plaintiff in any administrative or judicial forum as of the date of the execution of this Agreement and including full and complete satisfaction of all claims for costs and attorneys' fees that have been or could be made in this case, including any and all fees and costs incurred in connection with the administrative process, the District Court litigation process, mediation, and any other proceedings involving the claims raised in this action.

8.  By this Stipulation, Plaintiff waives, releases and abandons any and all claims against Defendant, its officials, agents, or employees whether past or present, alleged or that could have been alleged by the Plaintiff regarding her employment by the EPA, to date.

3

9. This Stipulation does not constitute an admission of discrimination and/or wrongdoing, liability, or any violation of Federal, State or local statute or regulation on the part of the United States, the EPA, and its officers, agents or employees.

10. The parties and their counsel acknowledge that they fully understand and voluntarily agree to the terms of this Stipulation. The Plaintiff represents and agrees that she has thoroughly discussed all aspects of this Stipulation with her attorney, that she has carefully read and fully understands all of the provisions of this Stipulation, and that she is voluntarily entering into this Stipulation.

11. This Stipulation will be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

12. The parties agree that this Stipulation shall not be used as evidence or otherwise in any pending or future civil or administrative action against the EPA, or any other agency or instrumentality of the United States, except in an action to enforce this Stipulation or to establish the terms thereof.

13. This Stipulation sets forth the entire understanding of the parties. All understandings have been incorporated into the terms of this Stipulation. No statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel which are not included herein shall be of any force or effect. No variations from the terms and conditions hereof will be permitted except pursuant to a written amendment executed by the duly authorized representatives of both parties.

14. This action is hereby dismissed with prejudice, except that the Court shall have jurisdiction to resolve a claim of non-compliance with the terms of the Stipulation.

| | |
|---|---|
| *Patricia Weggel-Laane* (signature) | Respectfully submitted, |
| PATRICIA WEGGEL-LAANE | (signature) |
| Plaintiff | JEFFREY A. TAYLOR , D.C. Bar # 498610 |
| | United States Attorney |
| Dated: July 10, 2008 | |
| | (signature) |
| | _____ |
| | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| | Assistant United States Attorney |
| *W. Gary Kohlman* (signature) | |
| W. GARY KOHLMAN | (signature) |
| D.C. Bar # 177527 | _____ |
| Bredhoff & Kaiser, PLLC | CLAIRE M. WHITAKER, #354530 |
| 805 15th St NW, Suite 1000 | Assistant United States Attorney |
| Washington, D.C. 20005 | 555 4th St., N.W., Room E-4204 |
| Ph: 202-842-2600 | Washington, D.C. 20530 |
| | 202-514-7137 |
| Attorney for Plaintiff | |
| | Attorneys for Defendant |
| Dated: July 10 2008 | |
| | Dated: 7/8/08 2008 |

ORDER

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

this _____ day of _____, 2008.